LAKELAND PRODUCTION CREDIT ASSOCIATION, a Corporation, v. S. C. COACHMAN, and his wife, LUCY C. COACHMAN, H. M. COACHMAN and his wife, EVELYN COACHMAN, and JESSIE CANDLER COACHMAN, a widow, PENINSULAR DISTRIBUTING CORPORATION, a corporation, MRS. ALICE ADOLPHUS, a widow.

5 So. (2nd) 49                                   Division B
December 16, 1941

J. C. Davant, and S. Whitehurst's Sons, for petitioner.

W. H. Wolfe, for defendants.

CHAPMAN, J.:

On August 21, 1941, plaintiff filed in the Circuit Court for Pinellas County, Florida, a bill of complaint to foreclose a mortgage, when several parties thereto were made defendants. An examination of the bill of complaint discloses that it contains the allegations of

an ordinary bill of foreclosures. The several defendants, by counsel, filed a motion on October 6, 1941, consisting of twenty-eight grounds, seeking a dismissal of the bill of complaint. The motion, directed to the bill of complaint, and the Exhibits made a part thereof, was heard on the 20th day of October, 1941; the motion to dismiss was overruled and denied, and the several defendants required to answer the bill of complaint on November 15, 1941.

On petition for interlocutory writ of certiorari it is contended that the order dated the 20th of October, 1941, is erroneous and prejudicial to the defendants below in that the bill of foreclosure was defective in failing or omitting to allege in issuable language the ownership of the note and mortgage.

On page 14 of the Transcript of Record is found this language viz:

"That the plaintiff is the owner and holder of the note and mortgage described in Paragraphs No. 1 and No. 2 hereof; that the plaintiff is a corporation created, organized and existing under and by virtue of an Act of Congress of the United States of America, with its office in Lakeland, Florida."

Likewise, on page 17 of the Transcript is found language viz:

"That the plaintiff is the owner and holder of the mortgage and note hereinbefore described."

And on page 41 of the Transcript is found the language viz:

"That after making the loan to the defendant Coachmans, the plaintiff discounted the hereinbefore note and assigned, transferred and delivered by endorsement the note described in Paragraph No. 1 hereof to the Federal Intermediate Credit Bank of

Columbia, South Carolina, and that prior to the institution of the within suit, the plaintiff repurchased said note and the Federal Intermediate Credit Bank of Columbia, South Carolina, sold, transferred and delivered the said promissory note described in Paragraph No. 1 hereof to the plaintiff by endorsement and delivery."

The sufficiency of the ownership *supra,* is challenged on grounds of the motion to dismiss viz: Twenty-second: That the said bill fails to show a right on the part of the plaintiff to maintain the suit; Twenty-third: the bill shows affirmatively that the plaintiff has no right to maintain the suit; Twenty-four: The attempted pleadings of facts as a basis for the institution of the suit are contradictory.

In support of the contention that the allegations of ownership of the note and mortgage do not sufficiently appear in the bill of complaint, when coupled with contradictory recitals appearing in plaintiff's Exhibit A made a part of the bill of complaint, which are viz:

"Name of Borrower

"Endorsements

"Pay to the Order of The Federal Intermediate Credit Bank of Columbia, South Carolina.

"Lakeland Production Credit Association
"By (signed) L. D. Black
"Asst. Treasurer."

which, appellants contend, are a sufficient showing to establish reversible error in the entry of the order dated October 20, 1941, overruling and denying the motion to dismiss.

In view of the allegations of ownership of the note and mortgage, *supra,* appearing in the bill of com-

plaint, we conclude that the same are legally sufficient under which to receive testimony of the ownership by the plaintiff of the note and mortgage. An issue can be formed by denial thereof in an answer and testimoney adduced by the respective parties. The plaintiff should be granted an opportunity to adduce testimony as to ownership under the challenged allegations of the bill. It therefore follows that the petition for writ of certiorari must be denied.

It is so ordered.

BROWN, C. J., TERRELL, and THOMAS, JJ., concur.